Derbigny, J.
delivered the opinion of the court. The appellant, plaintiff below, is the purchaser of a tract of land, sold by the sheriff by virtue of an execution, issued at the suit the appellee. He has paid to the appellee part of the price, and the appellee holds his note obligation for the balance. But as there exist some mortgages on that land, which the appellant thinks ought to be paid in preference to the appellee’s judgment, he has brought this action to compel the appellee to refund the money by him received, and to give up the note which he holds, praying that his said obligation and the mortgage reserved in the sheriff’s deed of sale be cancelled, upon his delivering into court the amount of the purchase money.
Before we examine into the merits of this action, it must be first ascertained whether or not *398 the mortgages, which incumbered this property at the time of the purchase, were extinguished, by the sheriff’s sale; for should it be found that they have ceased to exist, the action would fall as ungrounded.
Pledges given to secure the payment of debts, are liable, as other rights, to be forfeited and lost in certain cases. In some countries, as in France for example, with a view to quiet the title of the purchaser, who buys real property at a judicial sale, certain solemnities have been established, which are intended as notice to all the world, that such a sale is about to be made, and which, when duly complied with, have the effect of extinguishing all incumbrances on the property sold. In Spain, the laws of which are ours, where not abrogated, the practice of giving general notice also prevails ; but the neglect of the creditor to appear, when called only by publications, is not fatal to his interest.
Those alone, who have been called personally, are exposed to lose their pledge, if they don’t come forward and assert their right, because they are then reputed in contumacy, and their silence is considered as a renunciation of their privilege. On this subject, see Febrero de Juicios, 6, 3, ch. 2, sect. 5, n. 340 & 341.
For the purpose then of quieting the purch *399 aser against the claims of privileged creditors, it was formerly the practice to communicate to them the proceedings had against the property encumbered. (same author, book & chap. n. 337.) The purchaser himself became a party so far as to see that they had due notice and sufficient time to appear; and then, and not until then, he deposited in the hands of the proper officer the purchase money, upon the tender of which the bill of sale was delivered him.
As to those who had been served with no notice, their lien on the property remained unimpaired. In equity, however, they were considered as bound to resort first, to the creditor who had received the proceeds of the sale, before they could disturb the purchaser.
The practice, in cases of execution, has been altered by statute, since the change of government ; and the proceedings here related are now grown obsolete. But the principle, that the privilege of a creditor not duly called cannot be injured by a judicial sale, rests upon too solid ground, to be shaken by any change of practice or judicial proceedings. It is founded on that sacred maxim, that no one shall be condemned without being allowed an opportunity of defending himself.
There is then no doubt that the mortgage *400 creditors, who appear not to have been made parties to the execution levied on the land bought by the appellant, have retained their liens on that property ; and that the appellant is exposed to pay the amount of their claims.
We have now to examine whether the appellant may, under the existing circumstances, obtain the remedy which he prays for.
The appellant, as the highest bidder on this mortgaged property, might perhaps, before paying the purchase money, have required notice to be given to the mortgage creditors, in order to secure himself against their claims. That precaution used formerly to be taken ; and if nothing in our present judiciary system is opposed to that practice, (which we do not decide) it is perhaps desirable that it should again prevail. But after payment made to the suing creditor, we think it would be too late for the purchaser to require that the mortgage creditors be called in. Far less then, can we recognise any right in the purchaser to pretend that the money by him paid be refunded and deposited in court to wait the demands of the privileged creditors. Such practice is unknown to our laws, and would be attended with evident injustice. The right of the suing creditor to receive the pro *401 ceeds of the sale and to keep them so long as other creditors do not interfere and show a higher title, is incontestible: none but such creditors can dispute him that right. They may never do so. Why then should he be deprived of his due, before it is known whether any such demand will be made?
Duncan for the plaintiff; Livingston for the defendant.
The court are of opinion that the present action cannot be sustained ; and they do adjudge and decree that the judgment of the district court be affirmed with costs.